1
2
3
4
5
6
7
8

9        UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

ALVARO QUEZADA,                  )   1:09-cv-00378 OWW YNP (HC)
12                               )
                Petitioner,      )   ORDER DISMISSING PETITION FOR WRIT
13                               )   OF HABEAS CORPUS
       v.                        )
14                               )   ORDER DIRECTING CLERK OF COURT
                                 )   TO ENTER JUDGMENT
15   A. HEDGPETH,                )
                                 )   ORDER DIRECTING CLERK OF COURT
16             Respondent.       )   TO SEND PETITIONER BLANK FORMS
_____)   FOR FILING A CIVIL RIGHTS ACTION

17

18          Petitioner is a state court prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.

20                              **DISCUSSION**

21          Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

22   of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

23   from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing

24   2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only

25   grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation

26   of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a

27   prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574

28   (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes

1  to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to

2  42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.

3  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at

4  574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

5       In this case, Petitioner claims prison staff have wrongfully seized his property, instituted an

6  illegal lock-down, house level one inmates in level four areas, and was retaliated against by a second

7  level reviewer. Petitioner is challenging the conditions of his confinement, not the fact or duration of

8  that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be

9  dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights

10 complaint pursuant to 42 U.S.C. § 1983.

11                                    **ORDER**

12       Accordingly, IT IS HEREBY ORDERED:

13       1) The Petition for Writ of Habeas Corpus is DISMISSED;

14       2) The Clerk of Court is DIRECTED to enter judgment in this matter; and

15       3) The Clerk of Court is DIRECTED to send Petitioner blank forms for filing a civil rights

16 action pursuant to 42 U.S.C. § 1983.

17 IT IS SO ORDERED.

18 **Dated:    July 14, 2009**            **/s/ Oliver W. Wanger**
                                   UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28